| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IX | | |
| DEPARTAMENTO DE VIVIENDA DE PUERTO RICO<br><br>Recurrente<br><br>v.<br><br>JUNTA REVISORA DE SUBASTAS<br><br>Recurrida | KLRA202500290 | *Revisión Administrativa* procedente de la Junta de Subastas del Departamento de la Vivienda de Puerto Rico<br><br>Sobre: Impugnación de Adjudicación de Proceso de Solicitud Subasta<br><br>Subasta núm.: CDBG-DRMIT-RFP-2023-08 |
| WID LLC, UNI-GOLD DEVELOPMENT CORP., LUMAR DEVELOPMENT CORP.; N AND H.A.M., INC. 7 REAN DEVELOPMENT, CORP.<br><br>Recurrentes<br><br>v.<br><br>DEPARTAMENTO DE VIVIENDA DE PUERTO RICO<br><br>Recurrido | KLRA202500291 | *Revisión Administrativa* procedente de la Junta de Subastas del Departamento de la Vivienda de Puerto Rico<br><br>Sobre: Subasta<br><br>Subasta núm.: CDBG-DRMIT-RFP-2023-08 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de junio de 2025.

El **21 de mayo de 2025**, el Departamento de Vivienda de Puerto Rico (en adelante, DVPR) compareció ante este Tribunal de Apelaciones mediante recurso de revisión judicial número

Número Identificador
SEN2025 _____

KLRA202500290, para que revoquemos de la *Resolución* emitida el 1 de mayo de 2025 por la Junta Revisora de Subastas de la Administración de Servicios Generales (en adelante, Junta Revisora de la ASG). En síntesis, en el referido dictamen la Junta Revisora de la ASG concluyó que carecía de jurisdicción sobre la materia para la atender la revisión de la adjudicación de la subasta del DVPR ante su consideración.

En la misma fecha, comparecieron WID LLC (en adelante, WID), Uni-Gold Development Corp. (en adelante, UGD), Lumar Development Corp. (en adelante, Lumar), N and H.A.M. Inc. (en adelante, N and H.A.M.) y Rean Development Corp. (en adelante, Rean) en conjunto, los recurrentes. Estos comparecieron mediante recurso de revisión judicial número KLRA202500291 para que dejemos sin efecto la *Resolución* emitida el 1 de mayo de 2025 por la Junta Revisora de la ASG. De igual modo, los recurrentes presentaron una *Moción en auxilio de jurisdicción* para paralizar los procedimientos de la contratación del CDBG-DRMIT-RFP-2023-08. Por lo cual, el 23 mayo de 2025 ordenamos la paralización.

Examinados los recursos antes mencionados, este Tribunal ordena la consolidación del recurso núm. KLRA202500290, con el recurso núm. KLRA202500291.[1] Considerados los escritos de las partes y a la luz del derecho aplicable, revocamos.

**-I-**

Este caso tiene su génesis con un Requerimiento de Propuestas (en adelante, RFP) publicado el **29 de septiembre de 2023** por el DVPR bajo el programa de fondos federales del *Department of Housing and Urban Development* (en adelante, HUD).[2] El RFP identificado como CDBG-DRMIT-RFP-2023-08 se hizo con el

---

[1] Al amparo de la Regla 80.1 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.
[2] Apéndice de los recurrentes, págs. 1-6. Véase, Apéndice de los recurrentes, págs. 7-45.

fin de seleccionar compañías interesadas en la construcción de nuevos proyectos de vivienda unifamiliares. En la misma fecha, la División de Adquisición del DVPR recibió un total de 42 propuestas para el referido RFP. Tras una revisión y análisis del Comité de Evaluación, fueron recomendadas 17 propuestas.

Así las cosas, el **30 de septiembre de 2024** la Junta de Subastas del DVPR adjudicó el RFP a los siguientes 12 proponentes: Océano Development, LLC; Jennymar Corporation; JMC DEV, LLC; HH Rodríguez, LLC; Marcelo Electro (Hacienda Somar); Desarrollo de la Vega, Inc.; Paradise 70, LLC; NFD Construction, LLC; Alturas del Llano, LLC; CC Comercial Development, LLC; Toscana Sur CDBG-MIT, LLC; Sagrado Corazón Housing JV, LLC.

El **1 de octubre de 2024** fue notificada la Resolución de la Junta de Subastas del DVPR y el Aviso de Adjudicación.[3] En ella, la Junta de Subastas del DVPR explicó la adjudicación y/o rechazo de las solicitudes de propuestas en el RFP para las Iniciativas de Desarrollo de Viviendas Unifamiliares II-CDBG-DRMIT-RFP-2023-08.

El **21 de octubre de 2024**, las compañías UGD, Lumar, N & H.A.M. y Rean comparecieron conjuntamente mediante recurso de revisión judicial ante este Tribunal de Apelaciones.[4] En igual fecha, también compareció Finca Adela, LLC (en adelante; Finca Adela);[5] y por último, WID.[6] WID adujo que la Resolución de la Junta de Subastas del DVPR y el Aviso de Adjudicación era defectuosa ya que no cumplía con los requisitos de notificación exigidos en la Ley Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, *infra,* por lo que carecíamos de jurisdicción.[7]

---

[3] Apéndice de los recurrentes, págs. 678-724.
[4] Apéndice de los recurrentes, págs. 725-743.
[5] Apéndice de los recurrentes, págs. 744-781.
[6] Apéndice de los recurrentes, págs. 782-837.
[7] A estos casos le fueron asignados los números KLRA202400590, KLRA202400594 y KLRA202400595. Posteriormente, los últimos dos casos antes mencionados quedaron consolidados con el caso KLRA202400590.

El **23 de octubre de 2024**, emitimos una Resolución en la que declaramos ha lugar una *Moción en auxilio de jurisdicción* y ordenamos la paralización de los procedimientos hasta que se adjudicara el asunto en sus méritos.[8]

El **12 de noviembre de 2024**, el DVPR compareció mediante escrito en oposición.[9] Finalmente, el **14 de noviembre de 2024** dimos por perfeccionado el recurso de revisión judicial de epígrafe para nuestra consideración.

En atención a los casos consolidados KLRA202400590, KLRA202400594 y KLRA202400595, el DVPR nos indicó que la Junta de Subastas no tenía la obligación de notificar la Resolución de Adjudicación recurrida a tono con la Sección 3.19 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, *infra*. Este Tribunal determinó que no le asistía la razón ya que, la presentación del recurso de revisión administrativa ante la Junta Revisora de la ASG era un requisito de carácter jurisdiccional antes de presentar un recurso de revisión judicial ante este foro apelativo intermedio. Ante este cuadro, desestimamos los recursos de revisión judicial presentados (KLRA202400590, KLRA202400594 y KLRA202400595) y le ordenamos a la Junta de Subastas del DVPR a notificar adecuadamente a todas las partes. De este modo, los términos comenzarían a decursar y las partes adversamente afectadas podrían acudir ante la Junta Revisora de ASG. **Nuestra determinación advino final y firme.**

Cónsono con lo anterior, el **11 de abril de 2025**, la Junta de Subasta del DVPR emitió la Notificación de Adjudicación.[10] Las partes adversamente afectas: Finca Adela y WID presentaron sus respectivos recursos de revisión administrativa ante la Junta

---

[8] Apéndice de los recurrentes, págs. 847-853
[9] Apéndice de los recurrentes, págs. 854-900.
[10] Apéndice de los recurrentes, págs. 992-1081.

Revisora de la ASG el **21 de abril de 2025**. En igual fecha, UGD, Lumar, N & H.A.M. y Rean presentaron conjuntamente un recurso de revisión administrativa. Así, la Junta Revisora de la ASG consolidó los recursos antes mencionados.

El **1 de mayo de 2025**, la Junta Revisora de la ASG emitió una *Resolución* en la cual desestimó los recursos por falta de jurisdicción sobre la materia y devolvió el caso al DVPR para los procedimientos ulteriores.[11] La Junta Revisora de la ASG razonó, en virtud de la **Determinación Administrativa 2021-01 de la ASG**, que al realizarse el RFP con fondos federales CDBG DR y CDBG-MIT administrados por el DVPR,[12] estos se rigen por normativas federales que excluyen la aplicación de la Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019, *infra*.

En desacuerdo, el DVPR acudió ante nos mediante recurso de revisión judicial. En esencia, nos solicita la revocación de la *Resolución* emitida el 1 de mayo de 2025 por entender que la Junta Revisora de la ASG erró al determinar que carece de jurisdicción sobre la materia objeto de la Notificación de Adjudicación Enmendada del 11 de abril de 2025.

De otro lado y en igual descuerdo, comparecieron los recurrentes mediante recurso de revisión judicial. En apretada síntesis, nos solicitan la revocación de la *Resolución* emitida el 1 de mayo de 2025. Además del recurso, los recurrentes presentaron una *Moción en auxilio de jurisdicción* en la que nos solicitaron la paralización de los procedimientos de la contratación del RFP CDBG-DRMIT-RFP-2023-08, por lo que, como indicamos antes, el 23 de mayo de 2025 este Tribunal emitió una *Resolución* en la cual

---

[11] Apéndice de los recurrentes, págs. 1132-1139.
[12] Véase, Determinación Administrativa 2021-01 de la ASG, del 21 de mayo de 2021.

ordenó la paralización de los procedimientos. De igual forma, se le concedió al DVPR un término de 10 días para presentar su oposición, so pena de resolver la petición sin el beneficio de su posición.

El **30 de mayo de 2025**, el DVPR compareció mediante *Moción informativa, en cumplimiento de orden y solicitud de orden.* En resumidas cuentas, nos solicitó la consolidación de los casos KLRA202500290 y KLRA202500291 por ser idénticas las partes y controversias. De igual forma, solicitó que tomáramos el contenido de su recurso de revisión judicial y sus anejos como su posición según ordenado en la *Resolución* del 23 de mayo de 2025.

Con el beneficio de la comparecencia de las partes, damos por sometido el caso para nuestra consideración.

-II-

-A-

La Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019, Ley 73 de 19 de julio de 2019,[13] según enmendada (en adelante, Ley Núm. 73-2019) establece como política pública del Gobierno de Puerto Rico la optimización del nivel de efectividad y eficiencia de la gestión gubernamental, la agilización de los procesos de adquisición de bienes y servicios mediante el uso de avances tecnológicos, la reducción del gasto público, la asignación estratégica de recursos y la simplificación de los reglamentos que regulan las adquisiciones del Gobierno de Puerto Rico.[14]

En armonía con lo anterior, el Artículo 3 de la Ley Núm. 73-2019 establece el alcance de esta Ley:

> Las disposiciones de esta Ley regirán los procesos de compras y subastas de bienes, obras y servicios no profesionales en todas las Entidades Gubernamentales y las Entidades Exentas. La Rama Judicial, la Asamblea Legislativa, la Universidad de Puerto Rico y los municipios

---

[13] Artículo 1. 3 LPRA sec. 9831 *et als.*
[14] Artículo 2. 3 LPRA sec. 9831a.

podrán, de forma voluntaria, adoptar los procesos de compras y subastas de bienes, obras y servicios aquí establecidos, a través de la Administración de Servicios Generales. Las Entidades Gubernamentales, según definidas en esta Ley, realizarán todas las compras y subastas de bienes, obras y servicios no profesionales a través de la Administración de Servicios Generales, sin excepción alguna.[15]

En cuanto a las Entidades Exentas, según definidas en esta Ley, la Rama Judicial, los municipios, la Universidad de Puerto Rico y la Asamblea Legislativa, se dispone lo siguiente:

En el caso de Entidades Exentas, según definidas en esta Ley, no estarán obligadas a realizar sus compras y subastas de bienes, obras y servicios no profesionales a través de la Administración de Servicios Generales, mientras se encuentre en vigencia el Plan Fiscal correspondiente, sin embargo, vendrán obligadas a adoptar los métodos de licitación y compras excepcionales y a seguir los procedimientos aquí establecidos al momento de realizar sus compras y subastas de bienes, obras y servicios no profesionales. Una vez culmine la vigencia del Plan Fiscal correspondiente, si aplica, serán consideradas como Entidades Gubernamentales, según definidas en esta Ley, y vendrán obligadas a realizar sus compras a través de la Administración.

La Rama Judicial, los municipios, la Universidad de Puerto Rico y la Asamblea Legislativa podrán, de forma voluntaria, adoptar los métodos de licitación y compras excepcionales y a seguir los procesos de compras y subastas de bienes, obras y servicios aquí establecidos, a través de la Administración de Servicios Generales. Además, podrán de forma voluntaria, realizar las compras y subastas de bienes, obras y servicios no profesionales a través de la Administración de Servicios Generales.[16]

En cuanto a los departamentos, agencias, dependencias e instrumentalidades públicas pertenecientes a la Rama Ejecutiva que están exentos de la aplicación de esta Ley, serán los que participen en un contrato bajo la Ley de Alianzas Público Privadas:

Aquellos departamentos, agencias, dependencias e instrumentalidades públicas pertenecientes a la Rama Ejecutiva que participen en un contrato de Alianza, según definido en la Ley 29-2009,[17] según enmendada, estarán exentos de la aplicabilidad de las disposiciones de esta Ley, únicamente en cuanto a los asuntos integrados en el Contrato de Alianza en cuestión.

Se exceptúa de la aplicación de esta Ley cualquier Contrato de Operación y Mantenimiento con un operador privado que no constituya un Contrato de Alianza Público Privada, o cualquier negocio jurídico análogo a los establecidos en la Ley 29-2019, según enmendada. Cualquier operador privado a quien el gobierno haya

---

[15] 3 LPRA sec. 9831b.
[16] *Íd.*
[17] Ley de Alianzas Público Privadas, de 8 de junio de 2009, según enmendada. 27 LPRA sec. 2601 *et als.*

otorgado un Contrato de Operación y Mantenimiento no vendrá obligado a realizar sus compras a través de la Administración. No obstante, dicho operador privado podrá realizar sus compras de manera voluntaria, a través de la Administración de Servicios Generales.

Todas las compras de recuperación y reconstrucción de Puerto Rico realizadas por cualquier entidad exenta, serán realizadas a través de la Administración de Servicios Generales. La Administración tendrá la obligación de proveer y administrar todos los servicios auxiliares establecidos en el Capítulo III de esta Ley.[18]

Mediante el Artículo 47 de la Ley Núm. 73-2019 se creó a la **Junta de Subastas**, adscrita a la ASG, de naturaleza cuasijudicial, con la facultad de evaluar y adjudicar las subastas del Gobierno de Puerto Rico.[19] La Junta de Subastas de la ASG está facultada para emitir invitaciones de subastas y solicitudes de propuestas selladas, evaluar y adjudicar las propuestas y/o subastas, no aceptar licitaciones que contengan precios en exceso del precio de venta al detal sugerido por el manufacturero, entre otros.[20]

Por otro lado, el Artículo 55 de la Ley Núm. 73-2019 creó la **Junta Revisora de Subastas**, adscrita a la ASG, que es de naturaleza cuasijudicial, facultada para revisar cualquier impugnación de las determinaciones o adjudicaciones hechas, por la Administración Auxiliar del Área de Adquisiciones, por la Junta de Subastas de la Administración de Servicios Generales del Gobierno de Puerto Rico **o por las Juntas de Subastas de las Entidades Exentas**. Cabe destacar, la Junta Revisora tendrá autonomía operacional, seguirá el ordenamiento correspondiente establecido por esta Ley y actuará de forma independiente de la Administración y la Junta de Subastas.[21] Además, la Junta Revisora contará con cualquier otra facultad, función o deber que por esta Ley Núm. 73 o por reglamento se le asigne.[22]

---

[18] *Íd.*
[19] 3 LPRA sec. 9836.
[20] 3 LPRA sec. 9836d.
[21] 3 LPRA sec. 9837.
[22] Véase, el Artículo 59, inciso (o). — Facultades y Deberes de la Junta Revisora. 3 LPRA sec. 9837d.

Sobre el procedimiento de revisión administrativa, el Artículo 66 de la Ley Núm. 73-2019 dispone que la Junta Revisora de la ASG debe considerar la revisión administrativa dentro de los treinta (30) días de su presentación.[23] Dispone además que, si la ASG o la Junta Revisora de la ASG dejan de tomar alguna acción con relación a la solicitud de revisión dentro del término correspondiente, se tendrá por rechazada de plano y a partir de esa fecha comenzará a correr el término para la revisión judicial. La parte adversamente afectada por la adjudicación de la Junta Revisora de la ASG, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones conforme a las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, *infra*.[24] Por otro lado, y en cumplimiento con lo dispuesto en el Artículo 25 de la Ley Núm. 73-2019, se aprobó el Reglamento Núm. 9230, conocido como *Reglamento Uniforme de Compras y Subastas de Bienes, Obras y Servicios no Profesionales de la Administración de Servicios del Gobierno de Puerto Rico* . En el mismo, se disponen las normas y procedimientos a seguir para la adquisición de bienes, obras y servicios no profesionales en el Gobierno.[25]

**-B-**

Es harto conocido que el objetivo de exigir que las obras y la contratación que realiza el Gobierno se efectúe mediante el proceso de subasta, es proteger los intereses y el dinero público. Este mecanismo intenta promover la competencia, lograr los mejores precios, evitar el favoritismo y la corrupción, el descuido en la otorgación de los contratos y minimizar los riesgos de incumplimiento.[26]

---

[23] 3 LPRA sec. 9838c.
[24] 3 LPRA sec. 9838e.
[25] 3 LPRA sec. 9834a.
[26] *AEE v. Maxon*, 163 DPR 434, 439 (2004).

En lo que respecta a los **procesos de licitación pública**, no existe una ley única que regule dichos procedimientos con uniformidad en todas las agencias y entidades gubernamentales. Por lo cual, la Sección 3.19 de la Ley Núm. 38 de 30 de junio de 2017, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante, LPAUG),[27] en el primer párrafo, establece lo siguiente:

> Los procesos de licitación pública se celebrarán de conformidad a la Ley 73-2019, según enmendada,[28] salvo los procesos de licitación pública municipal que se realizarán de conformidad a la Ley 107-2020, según enmendada.[29] **Las agencias administrativas bajo la definición de Entidades Exentas para fines de la Ley 73-2019, vendrán obligadas a adoptar los métodos de licitación y compras excepcionales y a seguir los procedimientos establecidos en la Ley 73-2019, al momento de realizar sus compras y subastas de bienes, obras y servicios no profesionales. Las Entidades Exentas de la Ley 73-2019, deberán además cumplir con los términos y procesos que se establecen en esta Ley y en la Ley 73-2019**.

En el párrafo antes citado de la Sección 3.19, vemos que la Ley Núm. 73-2019 de la ASG no le aplica a los procesos de licitación pública de los municipios (Ley Núm. 107-2020), y a ciertas agencias administrativas, bajo la definición de **Entidades Exentas**.[30] No

---

[27] Ley Núm. 38-2017. 3 L.P.R.A. sec. 9601 *et seq.*

[28] *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019*, 3 LPRA sec. 9831 *et als.*

[29] Código Municipal de Puerto Rico, 21 LPRA sec. 7001 *et als.*

[30] El Artículo 4 inciso (p) de la Ley Núm. 73-2019, define **Entidad Exenta** como:
> Entidad Gubernamental que no viene obligada a realizar sus compras a través de la Administración, **ya sea por razón de operar bajo lo dispuesto en un plan fiscal vigente o por tratarse de entidades fiscalizadoras de la integridad del servicio público y la eficiencia gubernamental**. Para propósitos de esta Ley, se considerarán entidades exentas las siguientes: Oficina de Ética Gubernamental, Oficina del Inspector General de Puerto Rico, Comisión Estatal de Elecciones, Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, Banco Gubernamental de Fomento para Puerto Rico, Autoridad para las Alianzas Público Privadas de Puerto Rico, Autoridad para el Financiamiento de la Infraestructura de Puerto Rico, Autoridad de Acueductos y Alcantarillados, Autoridad de Energía Eléctrica, Autoridad de Carreteras y Transportación, Corporación del Proyecto ENLACE del Caño Martín Peña, la Corporación Pública para la Supervisión de Seguros de Cooperativas de Puerto Rico, programas e instalaciones de la Administración de Servicios Médicos de Puerto Rico, el Centro Médico, el Hospital Cardiovascular, el Hospital Universitario de Adultos, el Hospital Pediátrico Universitario, el Hospital Universitario Dr. Ramón Ruiz Arnau, los Centros de Diagnóstico y Tratamiento e instalaciones de discapacidad intelectual adscritos al Departamento de Salud, el Hospital Industrial y dispensarios regionales e intermedios, la Corporación del Fondo del Seguro del Estado, la Autoridad Metropolitana de Autobuses y la Autoridad de Edificios Públicos.

obstante, vemos que en la última oración se compele a las Entidades Exentas de la Ley Núm. 73-2019, a cumplir con los términos y procesos que se establecen en la LPAUG y en dicha Ley Núm. 73.

En cuanto a una parte adversamente afectada por una determinación en un proceso de licitación pública, la Sección 3.19 de LPAUG, dispone lo siguiente:

> [...]
> **La parte adversamente afectada por una determinación en un proceso de licitación pública podrá presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales** dentro del término de diez (10) días calendario, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública. La Junta Revisora de Subastas de la Administración de Servicios Generales deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días calendario de haberse presentado la solicitud de revisión administrativa. Si dentro de ese término, la Junta Revisora de la Administración de Servicios Generales determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. La Junta Revisora de la Administración de Servicios Generales podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario.
> Si se tomare alguna determinación en la revisión administrativa, el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, copia de la notificación de la decisión de la Junta Revisora de Subastas de la Administración de Servicios Generales adjudicando la solicitud de revisión administrativa. Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos dispuestos en esta Ley, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. **La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones**.
> **La parte adversamente afectada tendrá un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones**, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico,

---

No obstante, las entidades exentas tienen que realizar sus procesos de licitación acogiendo los métodos de licitación establecidos en esta Ley. Además, las mismas deben acogerse a las categorías previamente licitadas y contratos otorgados por la Administración de Servicios Generales.

3 LPRA sec. 9831c. Énfasis nuestro.

> lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales, o cuando venza el término que tenía la Junta Revisora de Subastas de la Administración de Servicios Generales para determinar si acogía o no la solicitud de revisión administrativa.
>
> La notificación de la adjudicación del proceso de licitación pública deberá incluir las garantías procesales establecidas en la Ley 73-2019 relativas a los fundamentos para la adjudicación y el derecho y los términos para solicitar revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales y revisión judicial. Las agencias administrativas, entidades apelativas, la Junta de Subastas de la Administración de Servicios Generales y la Junta Revisora de Subastas de la Administración de Servicios Generales tendrán que emitir sus notificaciones de manera simultánea y utilizando el mismo método de notificación para todas las partes. En aquellos casos en que se haya utilizado más de un método de notificación para todas las partes, el término para presentar el recurso de revisión administrativa o de revisión judicial comenzará a decursar a partir de la notificación o del depósito en el correo del primer método de notificación.[31]

A tono con la Sección 3.19 antes esbozada, la parte adversamente afectada puede acudir en un recurso de revisión judicial al Tribunal de Apelaciones dentro **término jurisdiccional de veinte (20) días calendario**, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la **Junta Revisora de Subastas de la ASG**, o cuando venza el término que tenía la **Junta Revisora de Subastas de la ASG** para determinar si acogía o no la solicitud de revisión administrativa.

En otras palabras, podemos razonar que independientemente de si la adjudicación de la subasta pública se hizo bajo la Ley Núm. 73-2019 (ASG), Ley Núm. 107-2020 (Código Municipal de Puerto Rico) o una Entidad Exenta, la parte adversamente afectada podrá presentar una solicitud de revisión administrativa ante la **Junta Revisora de la ASG** dentro del término de diez (10) días calendario. Dicha presentación es un requisito de carácter **jurisdiccional** que

---

[31] 3 LPRA sec. 9659. Énfasis nuestro.

debe ser cumplido **antes** de radicar un recurso de revisión judicial en este Tribunal de Apelaciones.

**En el caso que nos ocupa**, el proceso está regulado por el *Procurement Manual for the CDBG-DR, CDBG-MIT, and CDBG State Programs, Number 9506* del 25 de septiembre de 2023, del Departamento de la Vivienda de Puerto Rico (Reglamento Núm. 9506 del DVPR).[32]

Específicamente, el Artículo I de la Sección 1.4 del Reglamento Núm. 9506 del DVPR fue creado con el siguiente propósito:

> El propósito de este Manual es establecer normas y pautas para la adquisición de bienes, suministros/equipos, construcción, ingeniería, arquitectura y otros servicios profesionales y no profesionales para el Programa de Subvención en Bloque para el Desarrollo Comunitario - Programa de Recuperación de Desastres (**Programa CDBG-DR o CDBG-DR**)/Subvención en Bloque para el Desarrollo Comunitario - Programa de Mitigación (**Programa CDBG-MIT o CDBG-MITJ**), y Programa Estatal de Subvención en Bloque para el Desarrollo Comunitario (**Programa Estatal CDBG o Programa Estatal CDBG**). Asegurar que las adquisiciones se lleven a cabo de una manera que proporcione una competencia completa y abierta o un trato justo de todas las personas o entidades involucradas en los procesos de adquisiciones estatales CDBG-DR, CDBG-MIL y CDBG del Departamento de la Vivienda que estén financiadas total o parcialmente con fondos federales.[33] [Traducción nuestra al español].

A esos fines, el Artículo IV del Reglamento Núm. 9506 del DVPR crea la **Junta de Subasta o Licitación** del DVPR. La misma está a cargo de evaluar y adjudicar ofertas y propuestas en los procesos de subastas formales e informales (RFP, como indicamos

---

[32] Véase, *Manual de Adquisiciones para los Programas Estatales CDBG-DR, CDBG-MIT y CDBG, Número 9506,* Departamento de la Vivienda de Puerto Rico. Aprobado el 25 de septiembre de 2023.

[33] A continuación la versión original en inglés:
**ARTICLE I GENERAL PROVISIONS**
**Section 1.4 Purpose**
The purpose of this Manual is to establish standards and guidelines for the procurement of goods, supplies/ equipment, construction, engineering, architectural, and other professional and non-professional services for PRDOH's Community Development Block Grant - Disaster Recovery Program (**CDBG-DR Program or CDBG-DR**)/ Community Development Block Grant - Mitigation Program (**CDBG-MIT Program or CDBG-MITJ**), and Community Development Block Grant State (**CDBG State Program or CDBG State**) Program. To ensure procurements are conducted in a manner that provides full and open competition or fair treatment of all persons or entities involved in PRDOH's CDBG-DR, CDBG-MIL and CDBG State procurement processes which are funded totally or partially with federal funds.
Véase, el Artículo I, Sección 1.4 del Reglamento Núm. 9506 del DVPR.

antes) para la adquisición de bienes o servicios no personales y servicios profesionales, a través de un proceso formal de adquisición que el Departamento de la Vivienda de P.R., lleva a cabo bajo los Programas Estatales CDBG-DR, CDBGMIT y CDBG, de acuerdo con la normatividad aplicable.[34]

La **etapa de revisión judicial de la subasta** se encuentra reglamentada por la Sección 17.1 del Artículo XVII del Reglamento Núm. 9506 del DVPR,[35] que dispone:

> Las disputas, protestas de licitaciones y otras reclamaciones de contratistas relacionadas con licitaciones o contratos, cuyos montos excedan el Umbral de Adquisición Simplificado del Departamento de la Vivienda **se manejarán de acuerdo con este Manual**. Cualquier persona, parte o entidad que considere haber sido perjudicada por una decisión de la Junta de Subasta **tomada bajo las disposiciones de este Manual**, podrá presentar una petición de Revisión Judicial ante el Tribunal de Apelaciones de Puerto Rico dentro de los veinte (20) días calendario a partir de la fecha en que se presentó una copia del Aviso de Adjudicación o Aviso de Selección en el registro de la agencia. **Véase la Ley Núm. 201-2003, según enmendada, conocida como la Ley del Poder Judicial del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA § 24 et seq., y la sección 4.2 de LPAUG, 3 LPRA 9672**.[36] [Énfasis y traducción nuestra al español].

Nótese que en la parte final de la transcrita Sección 17.1 del Reglamento Núm. 9506 del DVPR, nos refiere a la Ley Núm. 203-2003,[37] y la Sección 4. 2 de la LPAUG.[38]

---

[34] En cuanto a la definición de la Junta de Subasta, véase, el Artículo II, inciso (f) del Reglamento Núm. 9506 del DVPR.

[35] Véase, el *ARTÍCULO XVII RECURSOS ADMINISTRATIVOS Y DE APELACIÓN Sección 17.1 Procedimiento Administrativo (Revisión Judicial) Determinaciones por parte del Departamento de la Vivienda*, del Reglamento Núm. 9506 del DVPR.

[36] A continuación la versión original en inglés:

> **ARTICLE XVII ADMINISTRATIVE AND APPELLATE REMEDIES**
> **Section 17.1 Administrative Procedure (Judicial Review) Determinations by PRDOH**
> Disputes, bid protests, and other contractor claims related to bids or contracts, which amounts exceed the Simplified Acquisition Threshold from PRDOH shall be handled in accordance with this Manual. Any person, party, or entity that considers itself having been adversely affected by a decision of the Bid Board made under the provisions of this Manual, may file a petition for Judicial Review before the Court of Appeals of Puerto Rico within twenty (20) calendar days from the date on which a copy of the Notice of Award or Notice of Selection was filed in the record of the agency. See Act No. 201-2003, as amended, known as the Judiciary Act of the Commonwealth of Puerto Rico of 2003, 4 LPRA § 24 *et seq* and section 4.2 of LPAUG, 3 LPRA 9672.

[37] Véase, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Artículo 1.001. 4 LPRA sec. 2.

[38] 3 LPRA sec. 9672.

En cuanto a la Ley Núm. 203-2003 *(Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003),* entre otras, nos faculta a revisar, como cuestión de derecho de las decisiones finales de los organismos y agencias administrativas, que se tramitará de conformidad con las disposiciones de la LPAUG.[39]

Por su parte, la Sección 4. 2 de la LPAUG regula el término para presentar la revisión de los procesos de impugnación de licitación pública, que a su vez, nos refiere a la antes citada Sección 3.19 de la LPAUG. Veamos, la antes dicha Sección 4.2 de la LPAUG:

> [...]
> **En los casos de impugnación de procesos de licitación pública, la parte adversamente afectada por una orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales** podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones dentro de un término de veinte (20) días calendario contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales **o dentro del término de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la Sección 3.19 de esta Ley.** La mera presentación de una solicitud de revisión al amparo de esta Sección no tendrá el efecto de paralizar la adjudicación del proceso de licitación pública impugnado.
> [...].[40]

En lo que atañe al plazo de veinte (20) días de la Sección 3.19 de la LPAUG para acudir a este Tribunal de Apelaciones, está sujeto a la adjudicación previa de la Junta de Revisión de la ASG. En lo pertinente, la referida Sección 3.19 establece:

> **La parte adversamente afectada tendrá un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones**, <u>contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales, o cuando venza el término que tenía la Junta Revisora de Subastas de la Administración de Servicios Generales para determinar si acogía o no la solicitud de revisión administrativa</u>.[41]

---

[39] Véanse, los Artículos 4.002 y 4.006. 4 LPRA secs. 24u y 24y.
[40] Sección 4.2 de la LPAUG, 3 LPRA sec. 9672. Énfasis nuestro.
[41] 3 LPRA sec. 9659.

A tono con la Sección 17.1 del Reglamento Núm. 9506 del DVPR y la Sección 3.19 de la LPAUG, la parte adversamente afectada puede presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones dentro del término de veinte (20) días calendario a la adjudicación previa de la Junta de Revisión de la ASG.

**-III-**

A la luz del derecho aplicable y de los hechos particulares ante nuestra consideración, procedemos a disponer del caso.

La primera vez que atendimos la controversia de los casos consolidados alfanúmeros KLRA202400590, KLRA202400594 y KLRA202400595, resolvimos que la notificación emitida por la Junta de Subastas del DPVR era una inoficiosa por privarnos de jurisdicción para atender el recurso de revisión judicial en sus méritos.[42] Específicamente, determinamos que la presentación del recurso de revisión administrativa ante la Junta Revisora de la ASG era un requisito de carácter jurisdiccional antes de presentar un recurso de revisión judicial ante este Tribunal de Apelaciones. Por ello, desestimamos los recursos de revisión judicial presentados y ordenamos a la Junta de Subastas del DVPR a notificar adecuadamente a todas las partes. De ese modo, los términos comenzarían a decursar y las partes adversamente afectadas podrían acudir ante la Junta Revisora de la ASG.

Conforme a lo antes determinado, el DVPR emitió una notificación enmendada para que los recurrentes pudiesen comparecer ante la Junta Revisora de Subastas de la ASG. Sin embargo, el DVPR y los recurrentes acuden una vez más a este Tribunal de Apelaciones y nos solicitan que revoquemos la *Resolución* emitida el 1 de mayo de 2025 por la referida Junta Revisora que concluyó carecer de jurisdicción sobre la materia para

---

[42] Véase, KLRA202400590.

atender las revisiones administrativas ante su consideración. Así, devolvió el caso al DVPR para los procedimientos ulteriores. Su razonamiento estriba en que —en virtud de la interpretación de la Determinación Administrativa 2021-01 de la ASG— los fondos CDBG DR y CDBG-MIT adjudicados en el RFP CDBG-DRMIT-PFR-2023-08 se rigen por la normativa federal y están excluidos de la Ley Núm. 73-2019, y por ello, la Junta Revisora de la ASG carece de jurisdicción sobre la materia para atender los méritos de este caso. No le asiste la razón.

Si bien es cierto que el proceso de adjudicación del RFP CDBG-DRMIT-PFR-2023-08 fue realizado en virtud del Reglamento Núm. 9506 del DVPR, no es menos cierto que el proceso de revisión judicial para una parte adversamente afectada está regulada por la **Sección 17.1 del Reglamento Núm. 9506 del DVPR**, que indefectiblemente nos remite a la Sección 3.19 de la LPAUG. Todavía más, no concurrimos con la interpretación esbozada en la Determinación Administrativa 2021-01 de la ASG, ya que una lectura detenida y complementaria de todo el Reglamento Núm. 9506 del DVPR no nos lleva a la interpretación radical que hace la Junta Revisora de la ASG de declararse sin jurisdicción sobre la materia para revisar la adjudicación del RFP CDBG-DRMIT-PFR-2023-08 hecha por la Junta de Subasta del DVPR. Además, cabe destacar que la Junta Revisora de la ASG actúa de forma independiente de la ASG y la Junta de Subastas de dicha agencia.[43] Nótese que su rol de la Junta Revisora no es enmendar o confeccionar regulación que contravenga el Reglamento Núm. 9506 del DVPR que rige esta subasta o, la normativa federal de los fondos CDBG DR y CDBG-MIT. Por el contrario, la Junta Revisora de la ASG velará y adjudicará la correcta o no aplicación del RFP CDBG-

---

[43] 3 LPRA sec. 9837.

DRMIT-RFP-2023-08. No olvidemos que en este caso, la Junta Revisora de la ASG está ejerciendo su facultad revisora a través del Reglamento Núm. 9506 del DVPR, que a su vez, nos remite a la Sección 3.19 de la LPAUG.

Como bien señalamos en nuestra Sentencia anterior (KLRA202400590, KLRA202400594 y KLRA202400595) sobre el mismo asunto, es un requisito jurisdiccional que los recurrentes acudan mediante recurso de revisión administrativa ante la Junta Revisora de la ASG antes de presentar un recurso de revisión judicial ante este Tribunal de Apelaciones. Por ello le ordenamos a la Junta de Subastas del DVPR a notificar adecuadamente a todas las partes para que los términos comenzaran a decursar y las partes adversamente afectadas pudiesen comparecer ante la Junta Revisora de ASG.

De manera que, es forzoso concluir que la Junta Revisora de la ASG debe atender el asunto ante su consideración. Solo así podremos atender el recurso de revisión judicial de epígrafe.

**-IV-**

Por los fundamentos antes expuestos, se revoca la *Resolución* recurrida. Así, se le ordena a la Junta Revisora de la ASG que atienda el recurso ante su consideración y resuelva el mismo.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones